Joseph P. NORELLI, Regional Director of Region 20 of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,

v.

HTH Corporation, Pacific Beach Corporation and KOA Management, LLC, a Single Employer, d/b/a Pacific Beach Hotel, Respondents.

Civil No. 10–00014 JMS/LEK.

United States District Court, D. Hawai'i.

March 29, 2010.

Dale K. Yashiki, Thomas W. Cestare, Trent K. Kakuda, National Labor Relations Board, Honolulu, HI, Jill H. Coffman, Olivia Garcia, National Labor Relations Board, San Francisco, CA, for Petitioner.

Ryan E. Sanada, Wesley M. Fujimoto, Imanaka Kudo & Fujimoto LLC, Honolulu, HI, for Respondents.

## INJUNCTIVE RELIEF PURSUANT TO 29 U.S.C. § 160(J)

J. MICHAEL SEABRIGHT, District Judge.

In its Order: (1) Denying Respondents' Motion to Dismiss for Lack of Subject Matter Jurisdiction; and (2) Granting the Petition for Injunction under Section 10(j) of the National Labor Relations Act, the court explained that injunctive relief is warranted against Respondents HTH Corporation, Pacific Beach Corporation and Koa Management, LLC, a Single Employer, d/b/a Pacific Beach Hotel ("Order Explaining Injunctive Relief"). Accordingly, pending final disposition of the matters pending before the National Labor Relations Board, the court ORDERS that:

1. Respondents HTH Corp., Pacific Beach Corp., and Koa Management, LLC d/b/a/ the Pacific Beach Hotel cease and desist from:

(a) withdrawing recognition from the International Longshore and Warehouse Union, Local 142, AFL–CIO (the "Union") as the exclusive bargaining representative of the bargaining unit employees;

(b) refusing to recognize or bargain in good faith with the Union with respect to rates of pay, hours of employment and other terms and conditions of employment for its bargaining unit employees;

(c) discharging employees in order to discourage Union activities and membership;

(d) unilaterally changing the terms and conditions of employment of bargaining unit employees without first giving notice to, and bargaining with, the Union; and

(e) in any other manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act.

2. Respondents HTH Corp., Pacific Beach Corp., and Koa Management, LLC d/b/a/ the Pacific Beach Hotel take the following affirmative steps:

(a) upon request, recognize and bargain in good faith with the Union with respect to rates of pay, hours of work and other terms and conditions of employment covering bargaining unit employees;

(b) resume contract negotiations and honor all tentative agreements entered into from the point Respondents and the Union, and PBHM and the Union, left off negotiations on November 30, 2007, and if an understanding is reached, embody such understanding in a signed agreement; provided, however, that

the parties may in good faith reopen negotiations on any tentative agreement that has been validly affected by a change in economic or other circumstances;

(c) by April 5, 2010, offer, in writing, immediate interim reinstatement to Ruben Bumanglag, Darryl Miyashiro, Virginia Recaido, Virbina Revamonte, and Rhandy Villanueva to their former job positions, or if those positions no longer exist, to substantially equivalent positions without prejudice to their seniority or any rights and privileges previously enjoyed, displacing, if necessary, any workers hired or reassigned to replace them;

(d) immediately rescind, at the Union's request, any or all of the unilateral changes to bargaining unit employees' terms and conditions of employment as they existed prior to December 1, 2007;

(e) post copies of this Order and the Order Explaining Injunctive Relief at the Pacific Beach Hotel in all places where notices to employees are normally posted; maintain these postings during the National Labor Relations Board's administrative proceeding free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the National Labor Relations Board reasonable access to the Pacific Beach Hotel to monitor compliance with this posting requirement; and

(f) by April 8, 2010, convene the bargaining unit employees during working time at the Employer's facility, by shifts, whereupon a responsible management official, in the presence of a National Labor

Relations Board Agent, will read to employees this Order.

IT IS SO ORDERED.